UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ADRIAN PETERS, et al. | No. 21 CR 50035<br><br>Judge Matthew F. Kennelly |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the agreed motion of the government, pursuant to Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1. This Protective Order shall apply to materials contained in former inmate K.K.'s Bureau of Prisons central file, including K.K's presentence investigation report, which materials will be marked as "ATTORNEYS' EYES ONLY." This Protective Order shall apply to: 1) the government and its agents/investigators; 2) the defendants, through their counsels, agents, consultants and experts; 3) the Court and its staff; and 4) other parties identified only by amendment to this Order.

2. Unless otherwise agreed to by the parties, or ordered by this Court, ATTORNEYS' EYES ONLY materials may only be retained and viewed by defense counsels with a filed appearance in this case. Defendants shall not retain or view any materials marked ATTORNEYS' EYES ONLY.

3. ATTORNEYS' EYES ONLY materials may not be reproduced electronically. Materials marked ATTORNEYS' EYES ONLY must retain the

ATTORNEYS' EYES ONLY watermark, header or footer, and shall remain with defense counsels. Materials marked ATTORNEYS' EYES ONLY may not be disclosed by defense counsels directly or indirectly to defendants. ATTORNEYS' EYES ONLY materials may be disclosed to persons or entities employed to assist in the defense of defendants, but defense counsels must provide such persons and entities a copy of this Order in advance of receipt of ATTORNEYS' EYES ONLY materials and such persons and entities are subject to the restrictions of this Order placed upon ATTORNEYS' EYES ONLY materials in the same manner as if they were defendants' counsels, excluding that they are not authorized to further disclose ATTORNEYS' EYES ONLY materials. Disclosure by defense counsels of ATTORNEYS' EYES ONLY materials beyond those noted above are not authorized without prior notice to the government and authorization from the Court.

4. A copy of this Order shall accompany ATTORNEYS' EYES ONLY materials transmitted to an agent, consultant, or expert retained by either party. The transmitting party shall obtain from each recipient, a dated, signed acknowledgment of receipt of this Order and the ATTORNEYS' EYES ONLY materials transmitted, identified by Bates number, or data file. Defense counsels shall maintain a copy of the signed statement of each authorized person for a period of twelve months after the conclusion of all stages of this case, and shall provide copies of the signed statement of each authorized person to the government upon request.

5. ATTORNEYS' EYES ONLY materials attached as a pleading shall be filed as a restricted document in accordance with N.D.Ill. L.Cr.R. 5.8, and shall maintain all original "ATTORNEYS' EYES ONLY" watermarks, headers and footers.

6. ATTORNEYS' EYES ONLY material offered as an exhibit in pretrial proceedings must be submitted with all original "ATTORNEYS' EYES ONLY" watermarks, headers and footers, and shall be docketed as restricted.

7. Watermarks, headers, footers, and other indicia identifying material as "ATTORNEYS' EYES ONLY" must be removed from any trial exhibit before the exhibit is tendered to a witness and/or disclosed to a jury. Government counsel will cooperate with defense counsels in the removal process prior to trial. Upon conclusion of the proceedings before this Court, all exhibits subject to this provision shall be returned to the government and preserved as modified under this provision for the record on appeal.

8. Upon conclusion of all stages of this case, ATTORNEYS' EYES ONLY materials shall be disposed of in one of two ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; or (2) returned to the United States. The Court may require a certification as to the disposition of any such materials.

9. The parties shall maintain a record of compliance with this Order.

10. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

11. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

_____
MATTHEW F. KENNELLY
District Court Judge
United States District Court
Northern District of Illinois

Date: Jan. 11, 2023

Agreed and Jointly submitted by:

/s/ *Michael Leonard*                                         January 9, 2023
MICHAEL LEONARD                                               DATE
Attorney for Defendant Adrian Peters


/s/ *Rene Hernandez*                                          January 9, 2023
RENE HERNANDEZ                                                DATE
Attorney for Defendant Patricia Werschin


/s/ *Scott R. Paccagnini*                                     January 9, 2023
SCOTT R. PACCAGNINI                                           DATE
Assistant United States Attorney


/s/ *Jessica S. Maveus*                                       January 9, 2023
JESSICA S. MAVEUS                                             DATE
Assistant United States Attorney

4