UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 21 CR 50035 |
| vs. ) | |
| ) | Judge Matthew F. Kennelly |
| ADRIAN PETERS ) | |

### GOVERNMENT'S SENTENCING MEMORANDUM

For the reasons stated herein, the government respectfully requests that the Court impose a sentence of 24 months' imprisonment, which is necessary and reasonable upon consideration of the relevant sentencing factors set forth in 18 U.S.C. § 3553(a).[1]

On February 24, 2023, defendant pled guilty to conspiracy to fail to appear in violation of 18 U.S.C. § 371. Defendant conspired with his mother, Patricia Werschin, his girlfriend, Emily Wetzel, and others, to aid in defendant's flight to Canada to avoid his federal prosecution in case 15CR50026 for charges of the sexual exploitation of children.

### I. Factual Background

On June 30, 2015, defendant was indicted on 12-counts of sexual exploitation of children. Defendant was arrested and released to the custody of his mother, Patricia Werschin, with several conditions of bond. These conditions included that defendant remain on home-confinement, which was monitored by an ankle bracelet, participate in mental health counseling, and attend all court-ordered appearances. Werschin also posted $15,000 in cash to secure her son's release and agreed to act as his third-party custodian. PSR 9-12. Shortly after his release, defendant began to conspire with his mother, his girlfriend, and others to flee the United States to avoid federal prosecution for his federal charges. During the planning stages, defendant acted as the conduit between his mother

---

[1] The Presentence Investigation Report is cited as "PSR," followed by the applicable paragraph number.

and his girlfriend, relaying information and giving directives. As plans began to take shape for defendant's flight, Wetzel was provided with $500 to buy gift cards to purchase items for defendant's flight, and Werschin asked her to solicit a driver to drive Peters to the Canadian border. Defendant also asked Wetzel to conduct research on Canadian immigration resources and directed her to do so at a library so as not to use his mother's internet connection. PSR 13-14. Defendant, his mother, and Wetzel also solicited drivers—one to drive defendant to the Canadian border, and one to drive defendant to a hotel in Canada. PSR 14. Defendant and his mother also made fake identification documents, to include fake driver's licenses and a fake birth certificate, prior to his flight. PSR 15. On June 28, 2016, Werschin drove defendant to Rock Cut State Park where he met with James Burke, who drove him to Canada. PSR 19. After Burke dropped defendant off at the Canadian border, Burke was stopped by border officials and he admitted his involvement in the conspiracy. Burke immediately contacted Wetzel, who informed Werschin that Burke had been caught. PSR 22-23. That same day, Werschin left her home, her job, and her family, driving south. She did not return for over 20 days. PSR 23, 26-27. On June 30, 2016, the date he was due to appear in court, defendant was arrested in Canada. PSR 25. In March 2023, defendant's mother was found guilty by jury verdict of conspiracy to fail to appear for her participation in this criminal scheme. On June 16, 2023, she was sentenced to three years of probation, a period of home confinement, community service, and a fine.

      II.      **Sentencing Guidelines and Criminal History**

           A.  *Offense Level Calculations*

The government agrees with the Presentence Investigation report ("PSR") that the November 2021 edition of the Guidelines Manual governs the calculation of the advisory Guidelines range for this sentencing. PSR 35.

### B. Criminal History Category

Similarly, the government agrees with Probation's calculation and conclusion that the defendant is in Criminal History Category I. PSR 49.

### C. Defendant Managed and Supervised the Conspiracy and the U.S.S.G. § 3B1.1 Three-Level Enhancement Applies

Defendant's role in the conspiracy was aggravated by his management and supervision of his coconspirators, and a three-level enhancement under Guideline § 3B1.1(b) applies. "If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels." U.S.S.G. § 3B1.1(b). In *United States v. House*, 883 F. 3d 720, 724 (7th Cir. 2018), the court recognized that the factors listed in Application Note 4 to § 3B1.1 are not helpful in determining whether a person is a supervisor or manager. A supervisor or manager is a participant who helps manage or supervise a criminal scheme. See, *United States v. Grigsby,* 692 F.3d 778, 790 (7th Cir. 2012); *House*, *supra* at 724. As the PSR notes, defendant was the main beneficiary of the conspiracy despite whose idea his flight initially was. Certainly, his mother and his girlfriend stood to benefit from his freedom, but defendant "managed and supervised" the actions of Wetzel and Werschin, as well as the two drivers, James Burke, and Ross Greenberg, as they acted on his behalf to ensure the success of his plan to flee to Canada.

### III. The Factors Set Forth in 18 U.S.C. § 3553(a) Warrant a Sentence of 24 Months' Imprisonment

As set out in Title 18, United States Code, Section 3553(a), the Court must consider several factors in determining the sentence, including but not limited to, the nature and circumstances of the offense, defendant's history and characteristics, and the need for the sentence imposed to reflect

the seriousness of the offense, provide adequate deterrence, protect the public, and to provide just punishment. Each of the factors is discussed below.

### A. Nature and Circumstances of the Offense

Defendant was charged with producing child pornography with seven different minor victims on twelve separate occasions. Defendant's conduct included hands-on offenses against minors, one that would typically result in pre-trial detention, however defendant's mother agreed to post $15,000 for defendant's release and act as his third-party custodian. But for his mother's assistance, it is highly likely that defendant would have been unable to overcome the rebuttable presumption set forth in 18 U.S.C. § 3142(e)(3)(E) and he would have been ordered detained pending trial. After securing his release with the help of his mother, the reality of what defendant was facing in his criminal case set in and he began planning to flee the United States to avoid his federal charges. Defendant and his coconspirators were successful, and defendant, a dangerous sex offender, made it across the border into Canada. Failing to appear to answer to federal charges is a serious offense, and one which defendant has admitted he conspired with others to commit. Not only was defendant facing significant consequences for his underlying offenses, but he also involved others in additional criminal conduct by hatching a plan to escape culpability.

### B. History and Characteristics of the Defendant

Due to his incarceration, the history and characteristics of defendant have not changed significantly since he was sentenced in case 15CR50026, other than defendant's continued refusal to admit conspiring with his mother, now found guilty by a jury, in this offense. As noted in the prior PSR, defendant had a difficult childhood and has a history of mental health conditions. PSR 59-62, and 85, 103-14. Defendant's mental health conditions do not, however, excuse his criminal culpability for commission of this offense and his involvement of others to aid in the conspiracy.

4

Defendant graduated from high school and acquired over 60 college credits, studying criminal justice at Rock Valley College, demonstrating his capacity to comprehend the nature and seriousness of his criminal behavior for the instant offense. PSR 114-115.

    C.    *The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, to Afford Adequate Deterrence and Provide Just Punishment.*

A sentence of imprisonment is necessary to reflect the seriousness of the offense and deter others from engaging in similar criminal conduct. Promoting respect for the law and affording adequate general deterrence is of great significance in these circumstances. Defendant conspired with at least four others to aid in his flight from the United States to avoid federal prosecution for serious hands-on sex crimes. Defendant secured his release on pre-trial detention with the help of his mother, and then used that release as an opportunity to plan and execute his escape to Canada. Federal courts deserve to have confidence that conditions of bond and court orders will be complied with —and if not—courts must enforce orders and conditions and promote respect for the law by imposing significant sanctions and sentences for failure to follow and respect the law. A sentence of 24 months' imprisonment will promote respect for the law, afford adequate deterrence, and provide just punishment.

    **IV.**    **Supervised Release**

The government requests that the court impose a three-year term of supervised release to run concurrent with the term of supervised release imposed in case 15CR50026. The parties will separately file a "Joint Submission on Conditions of Supervised Release" containing the parties' proposed agreements related to the specific conditions outlined on pages 31-36 of the PSR.

## **Conclusion**

Accordingly, the government respectfully requests that this Court impose a sentence of 24 months' imprisonment to be followed by three years of supervised release concurrent with the term of supervised release imposed in 15CR50026, no fine, and a $100 special assessment on the count of conviction.

        Respectfully submitted,

        MORRIS PASQUAL
        Acting United States Attorney

By:   /s *Jessica S. Maveus*
        JESSICA S. MAVEUS
        Assistant United States Attorney
        327 S. Church, Room 3300
        Rockford, Illinois 61101
        (815) 987-4444

## CERTIFICATE OF FILING AND SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following document:

**GOVERNMENT'S SENTENCING MEMORANDUM**

was served on June 16, 2023, in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

/s *Jessica S. Maveus*
JESSICA S. MAVEUS
Assistant United States Attorney
Suite 3300
327 South Court Street
Rockford, IL 61101
(815) 987-4444